UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Kennar, an individual, and Kathleen Kenner, an individual,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>E. Kelly et als.,<br><br>　　　　　　　　　　　　　　Defendants. | Civil No.   11cv1538-AJB(WVG)<br><br>**ORDER GRANTING PLAINTIFFS'** *EX PARTE* **MOTION FOR ORDER GRANTING APPROVAL OF LIS PENDENS NOTICE**<br><br>**[Doc. No. 4.]** |

On July 12, 2011, Plaintiffs Brian Kennar and Kathleen Kennar, proceeding *pro se*, filed a Complaint against ten individual IRS employees ("IRS Defendants"); Barbara Dunn, an attorney for a defendant in another prior lawsuit; her firm, Lacey, Dunn and Do ("Dunn Defendants"); the Fireman's Fund Insurance Company; and the United States of America for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On July 14, 2011, Plaintiffs filed an *ex parte* motion for an order granting approval of Plaintiffs' Lis Pendens Notice.

Federal courts look to state law regarding matters pertaining to lis pendens. See 28 U.S.C. § 1964[1] Under California Code of Civil Procedure section 405.20, "[a] party to an action who asserts

---

[1] 28 U.S.C. § 1964 provides, "[w]here the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State." 28 U.S.C. § 1964.

1 a real property claim may record a notice of pendency of action in which that real property claim is
2 alleged." Cal. Code Civ. P. § 405.20.  A "real property claim" means "the cause or causes of action
3 in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific
4 real property . . . ." Cal. Code Civ. P. § 405.4.  The complaint must "set forth some cause of action
5 affecting the title or right of possession of the specific real property described in the lis pendens."
6 Brownlee v. Vang, 206 Cal. App. 2d 814, 817 (1962).  "A lis pendens effectively prevents a sale or
7 encumbrance of the property until the litigation is resolved or the lis pendens is expunged." Farias v.
8 FCM Corp., 2010 WL 4806894, at 4 (S.D.Cal. 2010).

9 Here, the Complaint alleges a RICO action against all Defendants.  Plaintiffs allege that all
10 Defendants' fraudulent and dishonest actions resulted in loss of settlement funds and defeated
11 Plaintiffs' settlement efforts with the IRS on their federal tax liabilities.  (Dkt. No. 1.)  As a result,
12 Plaintiffs allege that the United States has noticed a lien against Plaintiffs' property and the property
13 is to be sold at an auction on August 1, 2011.  (Compl. ¶¶ 113, 114.)  The Court concludes that
14 Plaintiffs have alleged a real property claim in its Complaint.  Accordingly, the Court GRANTS
15 Plaintiffs' *ex parte* motion for order granting approval of lis pendens notice.

16 IT IS SO ORDERED.

18 DATED: August 11, 2011

19 _____
Hon. Anthony J. Battaglia
20 U.S. District Judge