**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN KENNER and KATHLEEN KENNER, <br><br> Plaintiffs, <br><br> v. <br><br> ERIN KELLY et al., <br><br> Defendants. | Case No. 11-cv-1538 DMS (WVG) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Pending before the Court are Defendants United States of America, Barbara Dunn, and Lacey, Dunn & Do, APC's motions to dismiss Plaintiffs Brian and Kathleen Kenner's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). Plaintiffs filed oppositions, and Defendants filed replies. For the following reasons, the Court grants Defendants' motions to dismiss.

**I.**

**BACKGROUND**

**A.  Procedural History**

On October 8, 2010, Plaintiffs filed their first lawsuit against individual Internal Revenue Service Employees ("IRS Defendants"), as well as Barbara Dunn and Lacey, Dunn & Do ("Dunn Defendants"). (*See Kenner v. Kelly*, 10-cv-2105

AJB (WVG).) Barbara Dunn is an attorney who formerly represented several defendants in another prior lawsuit where Plaintiffs sued their tax professionals, and Lacey, Dunn & Do is the law firm where Dunn is employed. The underlying facts of this case arose out of collection activities undertaken by the IRS to satisfy unpaid federal taxes. The Complaint alleged Defendants engaged in four distinct "criminal episodes" encompassing six different predicate acts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Specifically, Plaintiffs alleged the IRS Defendants engaged in unauthorized collection actions, and the Dunn Defendants conspired with the IRS Defendants, in violation of RICO. On May 27, 2011, Judge Anthony J. Battaglia granted Defendants' motions to dismiss with prejudice. On June 21, 2011, Plaintiffs filed a notice of appeal, challenging the order granting the motions to dismiss.

On July 12, 2011, Plaintiffs filed the present action against the same IRS Defendants and the Dunn Defendants, alleging essentially identical claims for relief.[1] The underlying facts of this case arose from the same events as the first action. The Complaint alleged Defendants engaged in four distinct "criminal episodes" encompassing 59 different predicate acts under RICO. Because the claims in this action were nearly identical to those in the first action, Judge Battaglia stayed the case pending resolution of appeal in the first action.[2]

On October 14, 2011, while the appeal was pending in the first action, Plaintiffs filed a third action in the San Diego County Superior Court against the same IRS Defendants, Capital One, Judge Battaglia, and Judge Barry Ted Moskowitz. (*See Kenner v. Kelly*, 11-cv-2520 BEN (BGS).) In the Complaint, Plaintiffs alleged the judicial Defendants "acted with [other] defendant parties as

---

[1] The Complaint also alleged a conspiracy to commit RICO claim against Fireman's Fund Insurance Company.
[2] On October 11, 2012, Judge Battaglia recused from this case, which was then transferred to this Court.

conspirators to defeat the RICO lawsuits. [They] have used threats, intimidation, and coercion to force [Plaintiffs] to abandon their rights." (*Id.*, ECF. No. 1.) The United States and the IRS Defendants removed the action on October 31, 2011. On January 13, 2012, Judge Roger T. Benitez granted the United States' motion to substitute party, dismissing the IRS Defendants and substituting the United States as a proper party defendant. Subsequently, Judge Benitez granted Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed a notice of appeal on July 20, 2012.

On April 25, 2012, Plaintiffs filed a fourth lawsuit against the United States, Eric Holder, and Tim Geithner. (*See Kenner v. Holder*, 12-cv-1011 MMA (WVG).) The underlying facts of this case also arose from the same events as the other lawsuits. The Complaint alleged "Defendants' agents engaged in a 'pattern of racketeering' (RICO) to confiscate our property during an 'offer in compromise' negotiation with the IRS." (*Id.*, ECF No. 1.) On December 19, 2012, Judge Michael M. Anello granted Defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiffs subsequently filed a notice of appeal on December 28, 2012.

On October 17, 2013, the Ninth Circuit affirmed the dismissal of the first action. This Court then issued an order further staying this action pending appeal in the third and fourth actions. The Ninth Circuit subsequently affirmed the dismissals on June 16, 2017 and June 16, 2015, respectively. Because the appeal proceedings that gave rise to the stay of the instant action have concluded, the Court vacated the stay. On February 14, 2018, Plaintiffs filed a FAC substituting the United States as a defendant in lieu of the IRS Defendants and removing Fireman's Fund Insurance Company as a defendant. The FAC alleges the following causes of action: (1) failure to release lien, in violation of 26 U.S.C. § 7432, against the United States, (2) unauthorized collection action, in violation of 26 U.S.C. § 7433, against the United States, (3) conversion and misappropriation of funds against the Dunn Defendants, (4) actual fraud against the United States, (5) negligence against the Dunn

Defendants, and (6) declaratory relief. Defendants filed the present motions to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim.

**B.     Factual Background**

On July 8, 2009, the IRS filed a Notice of Tax Lien against Plaintiffs. (FAC, Ex. N.) The allegations in the FAC arise from the IRS's collection efforts regarding Plaintiffs' federal tax liabilities. According to the FAC, Defendants engaged in four "Due Process Denying Episodes." (*Id*. ¶ 1.) In the first episode, IRS Defendants allegedly unlawfully obtained the settlement funds from Plaintiffs' prior lawsuit while an Offer in Compromise ("OIC") was pending. (*Id*. ¶ 7.) Plaintiffs claim they settled a lawsuit with their prior tax professionals sometime in July 2009, and expected to receive settlement funds of approximately $250,000. (*Id*. ¶ 19.) The Dunn Defendants allegedly conspired with the IRS Defendants and "made the check payable directly to the United States Department of Treasury, and intentionally and knowingly failed to include the names of Plaintiffs on the check[.]" (*Id*. ¶ 20.) In the second episode, Plaintiffs assert the IRS Defendants fraudulently returned the OIC in order to gain access to the settlement funds. (*Id*. ¶ 50.) In the third episode, Plaintiffs allege the IRS Defendants made a "second attempt to fraudulently return [Plaintiffs'] OIC and thus gain access to … settlement funds and eliminate [their] rights." (*Id.* ¶ 65.) Lastly, Plaintiffs complain they filed two Freedom of Information Act requests in December 2009 and the summer of 2010. (*Id.* ¶ 76.) Prior to receiving a response to their second request, Plaintiffs filed an administrative complaint against the IRS. (*Id.*) Plaintiffs allege IRS Defendants used the content of the administrative complaint and altered the computer program "ICS-HISTORY to conceal their dishonest activities." (*Id.*)

## II.
## LEGAL STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R.

Civ. P. 12(b)(1). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a jurisdictional attack may either be "facial" or "factual." *White v. Lee*, 227 F.3d 1213, 1242 (9th Cir. 2000). When a defendant challenges jurisdiction "facially," as they do here, all material allegations in the complaint are assumed to be true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, the "defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A challenge for lack of subject matter jurisdiction may be raised at any time by either party or sua sponte by the court. *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010) (citing *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. State Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.
## DISCUSSION

**A.    United States' Motion to Dismiss**

　　**i.    § 7432 Claim**

The United States moves to dismiss Plaintiffs' § 7432 claim for failure to state a claim, arguing Plaintiffs have not alleged the IRS found their liabilities satisfied or unenforceable, nor have they alleged they furnished a bond. Pursuant to § 7432, a taxpayer may recover damages from the United States when an IRS employee knowingly or negligently fails to release a lien under 26 U.S.C. § 6325 on property of the taxpayer. 26 U.S.C. § 7432(a). Under § 6325, there are three conditions that require the IRS to release a lien: (1) when the Secretary finds the liability for the amount assessed has been fully satisfied, (2) when the Secretary finds the liability for the amount assessed has become legally unenforceable, or (3) when the Secretary has accepted a bond. 26 U.S.C. § 6325(a)(1) & (2). Plaintiffs have not alleged any of these conditions occurred to warrant the IRS to release a lien. Instead, Plaintiffs appear to allege their liability was fully satisfied or legally unenforceable because they submitted a valid OIC, and therefore, "the lien should have been removed, pending the acceptance of the OIC." (FAC ¶ 88.) However, the mere submission of a potentially valid OIC does not amount to a finding by the IRS that the lien is fully satisfied or legally unenforceable. The FAC therefore fails to state a claim under § 7432. Accordingly, the United States' motion to dismiss this claim is granted with leave to amend.

　　**ii.    § 7433 Claim**

Next, the United States initially contends Plaintiffs' § 7433 claim should be

dismissed for lack of subject matter jurisdiction because it is time-barred and does not relate back to the date of the original Complaint. A taxpayer may bring suit against the United States for civil damages in relation to collection efforts of federal tax liabilities. 26 U.S.C. § 7433(a). A civil action for damages arising from the IRS's wrongful collection activities "may be brought only within 2 years after the date of the right of action accrues." 26 U.S.C. § 7433(d)(3). A cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2). The parties do not dispute that (a) the original Complaint was filed within the two year statute of limitations, and (b) the FAC, which names the United States as a defendant and alleges the § 7433 claim, was filed outside the statute of limitations.

Plaintiffs initially contend their claim is not time-barred because the statute of limitations was equitably tolled. The doctrine of equitable tolling applies to § 7433 claims against the federal government. *See United States v. Marsh*, 89 F. Supp. 2d 1171, 1177 (D. Haw. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990)); *see also Ramos v. United States*, No. C 01–21148–RS, 2002 WL 31466751, at * 3 (N.D. Cal. Nov. 1, 2002) (section 7433 permits equitable tolling). However, "tolling is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin*, 498 U.S. at 96). Courts may equitably toll the statute of limitations if the plaintiff filed "a defective pleading during the statutory period," or "was induced by IRS misconduct into allowing the deadline to pass." *Anderson v. United States*, 220 F. App'x 479, 481 (9th Cir. 2007) (citing *Irwin*, 498 U.S. at 95–96). Plaintiffs have not alleged either of those circumstances applies here. Accordingly, equitable tolling is not warranted. Plaintiffs' §7433 claim is therefore time-barred unless it relates back to the claims raised in the original Complaint.

"Relation back" refers to a doctrine that allows an amendment of a pleading to "relate back" to the date of the original pleading, thus evading any statute of

limitations that might affect the amendment. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984). Pursuant to Federal Rule of Civil Procedure 15(c), "an amendment asserting a new or changed claim relates back to the date of the original pleading if the amendment 'arose out of the conduct, transaction, or occurrence set out ... in the original pleading.'" *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting Fed. R. Civ. P. 15(c)(1)(B)). An amended claim arises out of the same conduct, transaction, or occurrence if it "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (quoting *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)). To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). The relation back doctrine of Rule 15(c) is "liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982).

The United States argues the FAC does not relate back to the Complaint because Plaintiffs have failed to show "how the initial and amended complaints share a common core of operative facts as to the 26 U.S.C. § 7433 claim, as required under Fed. R. Civ. P. 15(c)." (Mem. of P. & A. in Supp. of Mot. at 16.) Contrary to the United States' argument, the FAC asserts a claim that arises out of the same conduct, transaction, or occurrence alleged in their Complaint. A comparison of the original Complaint with the FAC reveals Plaintiffs set forth essentially identical factual allegations in both pleadings. The United States further argues the FAC should not relate back because Plaintiff previously made a strategic decision not to pursue this claim in their Complaint. The Ninth Circuit, however, expressly held an amended pleading can relate back even if "it includes allegations that were expressly disclaimed in the original pleading[,]" and in such a case, "the test continues to be

the Rule 15(c)(1)(B) standard itself—whether the amended claim arises out of the same conduct, transaction, or occurrence as that set forth in the original complaint." *ASARCO*, 765 F.3d at 1005.

Nevertheless, the Court agrees with the United States that the § 7433 claim should be dismissed for failure to state a claim because Plaintiffs have failed to plead the IRS violated a statute or regulation as required under § 7433. "Section 7433 creates a private right of action only for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder." *Shwarz v. United States*, 234 F.3d 428, 433–34 (9th Cir. 2000) (citing 26 U.S.C. § 7433(a)). Accordingly, to state a claim under § 7433, "a plaintiff must allege that the IRS violated an Internal Revenue Code provision or a Treasury Regulations." *Scharringhausen v. United States*, 686 F. Supp. 2d 1069, 1073 (S.D. Cal. 2009) (citing *Shwarz*, 234 F.3d at 433–34). Here, Plaintiffs have not identified a specific tax statute or regulation the IRS employees allegedly violated.

Moreover, the United States argues Plaintiffs have failed to allege in plain terms how they are entitled to relief, as required by Federal Rule of Civil Procedure 8. Rule 8 requires a pleader to put forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The FAC is unnecessarily lengthy, verbose, and confusing. It lacks simple, concise, and direct allegations. "Prolix, confusing complaints such as the ones [P]laintiffs filed in this case impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiffs have failed to comply with Rule 8(a). Accordingly, the United States' motion to dismiss this claim is granted with leave to amend.

   **iii.**  **Actual Fraud**

The United States argues Plaintiffs' claim for actual fraud should be dismissed based on lack of subject matter jurisdiction. The Court initially notes the FAC fails to allege any facts pertaining to the United States under this claim. Rather, Plaintiffs

allege facts solely pertaining to the Dunn Defendants. This reason alone warrants dismissal of the claim.

In their opposition, Plaintiffs argue the fraud claim is premised on a conspiracy between the IRS Defendants and Dunn Defendants "to prevent Plaintiffs from seeking an Offer in Compromise of their tax liability with the IRS." (Mem. of P. & A. in Opp'n to Mot. at 12.) To the extent Plaintiffs seek to allege a claim for fraud against the United States based on its tax assessment and collection efforts, the Court is without subject matter jurisdiction over this claim. While the Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for tort claims against the federal government in cases where a private individual would have been liable under "the law of the place where the act or omission occurred[,]" 28 U.S.C. § 1346(b)(1), § 2680 "provides for several exceptions that 'severely limit[ ]' the FTCA's waiver of sovereign immunity." *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975)). "If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction." *Morris*, 521 F.2d at 874. Among § 2680's several exceptions is § 2680(c), which prevents lawsuits against the federal government for "[a]ny claim arising in respect of the assessment or collection of any tax." *Id.*

In any event, even if Plaintiffs' fraud claim does not fall within any of the exceptions under § 2680, subject matter jurisdiction still would be lacking. The FTCA requires claimants to exhaust administrative remedies before filing suit against the United States. 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a claim under the FTCA. 28 U.S.C. § 2675. The party invoking the Court's jurisdiction has the burden of proof. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The FAC does not allege Plaintiffs have exhausted their administrative remedies with respect to this claim. Indeed, Plaintiffs do not dispute this fact in their

opposition. Accordingly, the United States' motion to dismiss this claim is granted without leave to amend, i.e. with prejudice.

### iv. Declaratory Relief

Lastly, the United States moves to dismiss the claim for declaratory relief because it is barred by the Declaratory Judgment Act. Plaintiffs do not oppose. The Declaratory Judgment Act excludes claims for declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201(a). "[U]nder the specific terms of § 2201 the courts have no jurisdiction to enter declaratory judgments with respect to Federal taxes." *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir. 1968). Plaintiffs seek a judgment from this Court declaring the following: (1) "Plaintiffs submitted a valid [OIC] to the [IRS] in 2009," (2) "the funds received by the [IRS] … were accepted as payment for the [OIC,]" and (3) "all funds received by the IRS, through its collection efforts after receipt of the OIC must be returned." (FAC ¶¶ 138–40.) Plaintiffs' request for a declaration falls squarely within the prohibition under § 2201, and thus, the Court lacks subject matter jurisdiction. Accordingly, United States' motion to dismiss this claim is granted with prejudice.[3]

## B. Dunn Defendants' Motion to Dismiss

Initially, the Dunn Defendants move to dismiss the FAC on the ground that Plaintiffs' claims are barred by res judicata. Res judicata, also known as claim preclusion, "precludes the parties from relitigating issues that were or could have

---

[3] The United States also argues the Court should dismiss Plaintiffs' requests for injunctive relief and punitive damages. The Court construes this as a motion to strike under Federal Rule of Civil Procedure 12(f). The motion is unopposed. Accordingly, the Court therefore grants the United States' motion. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (dismissing causes of action as abandoned where plaintiff did not oppose dismissal in her opposition); *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-299 BEN (WVG), 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.").

been raised in [a prior] action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), and can serve as the basis for granting a motion to dismiss. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks omitted). A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where, as here, there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The parties do not dispute the third element of res judicata is met.

Identity of claims exists "when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 114 n.3 (9th Cir. 2002)). Even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* If claims are related to the same set of facts and could be conveniently tried together, then there is identity of claims. *See Int'l Union of Operating Eng'rs-Emp'rs Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993); *see also Herrera v. Countrywide KB Home Loans*, No. 11-cv-03591 LHK, 2012 WL 901340, at *4 (N.D. Cal. Mar. 15, 2012) (finding that if plaintiff could have amended the prior complaint to allege the successive claims, then identity of claims exists). Plaintiffs' claims in this case arise from the same transactional nucleus of facts as the first action, specifically, their encounter with the IRS in the collection action. Moreover, all conduct alleged in the FAC stems from the same traditional nucleus of facts that occurred prior to Plaintiffs' filing of the first action, and therefore, could have been brought in the earlier suit. Indeed, Plaintiffs acknowledge the first and present lawsuits were based on the same nucleus of facts, and Plaintiff chose to

allege solely the RICO claims. (*See* Mem. of P. & A. in Opp'n to Mot. at 7) ("Both the Kenner I and Kenner II lawsuits were based on RICO claims that Plaintiffs chose as their sole form of relief.") In their opposition, Plaintiffs claim "[t]he RICO claims were all-encompassing and left no room or reason to set forth common law tort claims. However, the RICO allegations included sufficient facts and allegations to support the new common law tort claims for conversion, misrepresentation[,] and negligence against the DUNN Defendants." (*Id.*) Plaintiffs, however, "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). Accordingly, the Court finds an identity of claims, satisfying the first element for res judicata.

The remaining element of res judicata is also met. A motion to dismiss for failure to state a claim is a final judgment for purposes of res judicata. *See Stewart*, 297 F.3d at 957 ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies."). "Such dismissals, unless the court provides otherwise, will preclude future assertion of claims 'aris[ing] out of the same transactional nucleus of facts.'" *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (quoting *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016)). In the first action, Judge Battaglia granted the Dunn Defendant's motion to dismiss with prejudice for failure to state a claim, reasoning "Plaintiffs' RICO conspiracy claim [against the Dunn Defendants] relies on the underlying RICO claim. Since the Court has determined that Plaintiffs have failed to allege a RICO cause of action [against the IRS Defendants], the RICO conspiracy claim necessarily fails."[4] (*Kenner v. Kelly*, 10-cv-2105 AJB(WVG), ECF No. 64.)

---

[4] The Court notes Judge Battaglia initially granted the IRS Defendant's motion to dismiss for lack of subject matter jurisdiction based on sovereignty. Judge Battaglia, however, also examined whether Plaintiffs have stated a RICO claim against the IRS Defendants in order to determine whether Plaintiffs have stated a RICO conspiracy

The Ninth Circuit affirmed the dismissal. Accordingly, there was a final adjudication on the merits in the first action, satisfying the second element for res judicata. Because all the elements for res judicata are met, the Court finds Plaintiffs' claims against the Dunn Defendants are barred by the doctrine of res judicata. Thus, the Dunn Defendants' motion to dismiss is granted with prejudice.

## III.
## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is granted with leave to amend, and the Dunn Defendants' motion to dismiss is granted with prejudice.[5] Plaintiffs are granted leave to file a Second Amended Complaint ("SAC") against the United States that cures the pleading deficiencies identified in this Order. Plaintiffs are cautioned that if the SAC does not cure these pleading deficiencies, their claims will be dismissed with prejudice and without further leave to amend. The SAC may not add any other new causes of action or parties not addressed by the Court in this Order. The SAC shall be filed on or before April 24, 2018.

**IT IS SO ORDERED.**

Dated: April 10, 2018

Hon. Dana M. Sabraw
United States District Judge

---

claim against the Dunn Defendants.

[5] The parties' request that the Court take judicial notice of orders filed in related cases by other judges is granted. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record."). The Court declines to take judicial notice of the remaining documents because they are not necessary to the resolution of the present motions.