1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BRIAN KENNER and KATHLEEN
     KENNER,

12                    Plaintiffs,

13          v.

14   ERIN KELLY et al.,

15                    Defendants.

16

Case No. 11-cv-1538 DMS (WVG)

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

17

18          Pending before the Court is Defendant United States of America's motion to

19   dismiss Plaintiffs Brian and Kathleen Kenner's Second Amended Complaint

20   ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6).  Plaintiffs filed

21   an opposition, and Defendant filed a reply.  For the following reasons, the Court

22   grants Defendant's motion to dismiss.

23                                    **I.**

24                              **BACKGROUND**

25   **A.    Procedural History**

26          On October 8, 2010, Plaintiffs filed their first lawsuit against individual

27   Internal Revenue Service employees ("IRS Defendants"), as well as Barbara Dunn

28   and Lacey, Dunn & Do ("Dunn Defendants").  (*See Kenner v. Kelly*, 10-cv-2105

AJB (WVG).) Barbara Dunn is an attorney who formerly represented several defendants in another prior lawsuit where Plaintiffs sued their tax professionals, and Lacey, Dunn & Do is the law firm where Dunn is employed. The underlying facts of that case arose out of collection activities undertaken by the IRS to satisfy unpaid federal taxes. The Complaint alleged Defendants engaged in four distinct "criminal episodes" encompassing six different predicate acts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Specifically, Plaintiffs alleged the IRS Defendants engaged in unauthorized collection actions, and the Dunn Defendants conspired with the IRS Defendants, in violation of RICO. On May 27, 2011, Judge Anthony J. Battaglia granted Defendants' motions to dismiss with prejudice. On June 21, 2011, Plaintiffs filed a notice of appeal, challenging the order granting the motions to dismiss.

On July 12, 2011, Plaintiffs filed the present action against the same IRS Defendants and the Dunn Defendants, alleging essentially identical claims for relief.[1] The underlying facts of this case arose from the same events as the first action. The Complaint alleged Defendants engaged in four distinct "criminal episodes" encompassing 59 different predicate acts under RICO. Because the claims in this action were nearly identical to those in the first action, Judge Battaglia stayed the case pending resolution of appeal in the first action.[2]

On October 14, 2011, while the appeal was pending in the first action, Plaintiffs filed a third action in the San Diego County Superior Court against the same IRS Defendants, Capital One, and Judge Battaglia and Judge Barry Ted Moskowitz ("judicial Defendants"). (*See Kenner v. Kelly*, 11-cv-2520 BEN (BGS).) In the Complaint, Plaintiffs alleged the judicial Defendants "acted with [other]

---

[1] The Complaint also alleged a conspiracy to commit RICO claim against Fireman's Fund Insurance Company.

[2] On October 11, 2012, Judge Battaglia recused from this case, which was then transferred to this Court.

1  defendant parties as conspirators to defeat the RICO lawsuits. [They] have used

2  threats, intimidation, and coercion to force [Plaintiffs] to abandon their rights." (*Id.*,

3  ECF. No. 1.) The United States and the IRS Defendants removed the action on

4  October 31, 2011. On January 13, 2012, Judge Roger T. Benitez granted the United

5  States' motion to substitute party, dismissing the IRS Defendants and substituting

6  the United States as a proper party defendant. Subsequently, Judge Benitez granted

7  the United States' motion to dismiss for lack of subject matter jurisdiction and failure

8  to state a claim. Plaintiff filed a notice of appeal on July 20, 2012.

9  On April 25, 2012, Plaintiffs filed a fourth lawsuit against the United States,

10  Eric Holder, and Tim Geithner. (*See Kenner v. Holder*, 12-cv-1011 MMA (WVG).)

11  The underlying facts of that case also arose from the same events as the other

12  lawsuits. The Complaint alleged "Defendants' agents engaged in a 'pattern of

13  racketeering' (RICO) to confiscate our property during an 'offer in compromise'

14  negotiation with the IRS." (*Id.*, ECF No. 1.) On December 19, 2012, Judge Michael

15  M. Anello granted Defendants' motion to dismiss for lack of subject matter

16  jurisdiction. Plaintiffs subsequently filed a notice of appeal on December 28, 2012.

17  On October 17, 2013, the Ninth Circuit affirmed the dismissal of the first

18  action. This Court then issued an order further staying this action pending appeal in

19  the third and fourth actions. The Ninth Circuit subsequently affirmed the dismissals

20  on June 16, 2017 and June 16, 2015, respectively. Because the appeal proceedings

21  that gave rise to the stay of the instant action have concluded, the Court vacated the

22  stay. On February 14, 2018, Plaintiffs filed a FAC substituting the United States as

23  a defendant in lieu of the IRS Defendants and removing Fireman's Fund Insurance

24  Company as a defendant. The United States and Dunn Defendants both filed

25  motions to dismiss the FAC. On April 10, 2018, the Court granted the Dunn

26  Defendants' motion to dismiss with prejudice and the United States' motion to

27  dismiss without prejudice. Thereafter, Plaintiffs filed a SAC against the United

28  States (hereafter "Defendant"), arguing they are entitled to damages under § 7433

because Defendant violated the following statutes and/or regulations: (1) 26 U.S.C. § 6331(k)(1), (2) 26 U.S.C. § 7214(a), (3) 26 U.S.C. § 301.7122(b)(3), and (4) 26 U.S.C. § 7435. Defendant filed the present motion to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim.

**B.      Factual Background**

On July 7, 2009, the IRS filed a Notice of Tax Lien against Plaintiffs. (SAC ¶ 11.) The allegations in the SAC arise from the IRS's collection efforts regarding Plaintiffs' federal tax liabilities. In July 2009, Plaintiffs settled a lawsuit with their prior tax professionals and expected to receive settlement funds of approximately $250,000. (SAC ¶ 9.) Rick Edson represented them in this prior lawsuit. (*Id.* ¶ 30.) Plaintiffs allege Defendant unlawfully obtained a portion of the settlement funds in the amount of $137,069.98 while an Offer in Compromise ("OIC") was pending. (*Id*. ¶¶ 21, 59c.) Specifically, Plaintiffs claim Defendant influenced Mr. Edson and opposing counsel in the prior lawsuit to disburse the settlement check to Defendant when it should have been delivered to them. (*Id.* ¶¶ 22, 30, 34, 41, 59a & b.)

**II.**

**LEGAL STANDARD**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a jurisdictional attack may either be "facial" or "factual." *White v. Lee*, 227 F.3d 1213, 1242 (9th Cir. 2000). When a defendant challenges jurisdiction "facially," as they do here, all material allegations in the complaint are assumed to be true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec*., 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, the

"defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A challenge for lack of subject matter jurisdiction may be raised at any time by either party or sua sponte by the court. *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010) (citing *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. State Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.

### DISCUSSION

Defendant moves to dismiss Plaintiff's § 7433 claim for failure to state a claim pursuant to Rule 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). A taxpayer may bring suit against the United States for civil damages in

relation to collection efforts of federal tax liabilities. 26 U.S.C. § 7433(a). "Section 7433 creates a private right of action only for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder." *Shwarz v. United States*, 234 F.3d 428, 433–34 (9th Cir. 2000) (citing 26 U.S.C. § 7433(a)). Accordingly, to state a claim under § 7433, "a plaintiff must allege that the IRS violated an Internal Revenue Code provision or a Treasury Regulations." *Scharringhausen v. United States*, 686 F. Supp. 2d 1069, 1073 (S.D. Cal. 2009) (citing *Shwarz*, 234 F.3d at 433–34). Here, Plaintiffs seek damages under § 7433, arguing Defendant violated § 6331(k)(1), § 7214(a), § 301.7122(b)(3), and § 7435.

**A.    § 6331(k)(1)**

Plaintiffs allege Defendant violated § 6331(k)(1) when it "unlawfully obtained settlement funds in the amount of $137,069.98, …, while a proper KENNER/IRS Offer In Compromise was pending[.]" (SAC ¶ 59c.) Section 6331(k)(1) provides "No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax—(A) during the period that an offer-in-compromise by such person under section 7122 of such unpaid tax is pending with the Secretary; and (B) if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending)." 26 U.S.C. § 6331(k)(1). Defendant argues the SAC does not allege "the existence of a levy. Nor do they allege that a Notice of Levy was ever issued by the IRS to their tax professionals." (Mem. of P. & A. in Opp'n to Mot. at 6–7.) Indeed, the SAC expressly states, "The USA, by and through its Employees, received the Kenner-Shaff settlement funds without issuing a levy, and while an OIC was pending." (SAC ¶ 59d.) Because the SAC fails to allege Defendant made a levy on his settlement check while the OIC was pending, Defendant's motion to dismiss Plaintiff's § 7433 claim premised on a violation of § 6331(k)(1) is granted.

///

**B.    § 7214(a)**

Next, Plaintiffs allege Defendant violated § 7214(a), which makes criminal certain acts by IRS employees and authorizes a court to render judgment against a convicted "employee for the amount of damages sustained in favor of the party injured[.]"  26 U.S.C. § 7214(a).  As Defendant correctly argues, § 7214(a) is a "criminal statute[] that do[es] not provide for a private right of action and thus not enforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (federal criminal statutes do not provide a basis for civil liability).  Thus, the Court does not have jurisdiction over this claim, and therefore, Defendant's motion to dismiss Plaintiff's § 7433 claim premised on a violation of § 7214(a) is granted.

**C.    § 301.7122(b)(3)**

Plaintiffs allege Defendant violated § 301.7122(b)(3) by rejecting their OIC after determining "it was submitted only to 'Hinder and Delay' the collection of taxes," even though "the OIC was valid and not submitted to 'Hinder and Delay[.]'"[3] (SAC ¶ 62.)  Plaintiffs argue Defendant "intentionally avoided the potentially valid OIC in order to collect funds outside of the OIC."  (Mem. of P. & A. in Opp'n to Mot. at 7.)  The "IRS decisions and actions pertaining to offers in compromise are not considered to be collection activity under Section 7433." *Sawyers v. United States*, No. 3:15-CV-00873-GNS-DW, 2016 WL 7223430, at *2 (W.D. Ky. Dec. 13, 2016) (citations omitted); *see also United States v. Ullman*, No. CIV.A. 01-0272, 2002 WL 987998, at *6 (E.D. Pa. May 8, 2002) ("Compromising tax liabilities is a purely discretionary activity and will not give rise to a claim for intentional, reckless or negligent violation of the Internal Revenue Code.") (citation omitted).  Therefore, Defendant's motion to dismiss Plaintiff's § 7433 claim premised on a violation of §

---

[3] It is uncertain how these allegations show a violation of § 301.7122(b)(3), which forth guidelines for evaluating offers to compromise that "[p]romote effective tax administration."

11-cv-1538 DMS (WVG)

1 301.7122(b)(3) is granted.

2 **D. § 7435**

3 Lastly, Plaintiff claims Defendant violated § 7435 by "contact[ing] attorney

4 Richard Edson and attorney Barbara Dunn regarding the Kenner-Shaff settlement

5 funds." (SAC ¶ 66.) Section 7435 prohibits the IRS employees from "intentionally

6 compromis[ing] the determination or collection of any tax due from an attorney,

7 certified public accountant, or enrolled agent representing a taxpayer in exchange

8 for information conveyed by the taxpayer to the attorney, certified public accountant,

9 or enrolled agent for purposes of obtaining advice concerning the taxpayer's tax

10 liability[.]" 26 U.S.C. § 7435(a).[4] The SAC does not contain any allegations that

11 Plaintiffs' attorney had any tax due to the IRS or that IRS compromised the

12 determination or collection of that tax. *See Ramirez v. United States*, No. SACV 14-

13 1299-JLS ANX, 2015 WL 3606218, at *5 (C.D. Cal. Mar. 11, 2015). Therefore,

14 Defendant's motion to dismiss Plaintiff's § 7433 claim premised on a violation of §

15 7435 is granted. Accordingly, the Court declines to address Defendant's remaining

16 arguments.

**III.**

**CONCLUSION**

19 The Court has previously cautioned Plaintiffs that their failure to cure

20 pleading deficiencies would result in a dismissal of their claims with prejudice and

21 without leave to amend. Plaintiffs have failed to state a claim despite having had

22 multiple opportunities in which to do so. Accordingly, Defendant's motion to

23 dismiss is granted with prejudice.

24 / / /

25 / / /

26

---

27 [4] Plaintiff appears to contend the "tax due" refers to Plaintiffs' tax liability. The
statute, however, expressly states to "tax due from an attorney, certified public
28 accountant, or enrolled agent representing a tax payer[.]" 26 U.S.C. § 7435.

– 8 –

11-cv-1538 DMS (WVG)

1          **IT IS SO ORDERED.**

2    Dated:  July 2, 2018

3                                                   Hon. Dana M. Sabraw
                                                    United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28